IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

      v.

KGI TRADING GA, INC., *et al.*,

    Defendants.

CIVIL ACTION NO.
1:25-cv-05455-TRJ

## ORDER AND CONSENT DECREE

On July 23, 2026, the parties filed a joint motion for entry of a consent decree. (Doc. 62). Upon review and consideration of the proposed consent decree, the Joint Motion (Doc. 62) is **GRANTED**, and the proposed consent decree (Doc. 62-1) is **APPROVED** and **ENTERED** as follows:

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Complaint alleges that Defendants Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc.; Moon N Sea FL, LLC f/k/a KGI Trading FL, Inc.; and Moon N Sea NC, LLC f/k/a KGI Trading NC, Inc. (collectively "Defendants" or "Moon N Sea") discriminated against Bianca Lott and a class of similarly situated female job applicants in Georgia when they were not hired because of their sex.

The Commission and Defendants hereby stipulate to the jurisdiction of the

Court over the Parties and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. Defendants' agreement to enter into this Consent Decree shall not be construed as an admission of liability by Defendants.

It is, therefore, the finding of this Court, made on the pleadings and the record as a whole that (1) the Court has jurisdiction over the Parties and the subject matter of this action for the duration of this Consent Decree; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) this Consent Decree resolves all matters in controversy between the parties in this lawsuit as provided in paragraphs 1 through 28 below; and (5) the terms of this Consent Decree are and shall be binding upon the present and future directors, officers, successors, parent companies, and subsidiaries of Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      **Nondiscrimination.** Defendants shall not engage in any unlawful employment practices which discriminate because of sex, to include but not limited to denying employment to an applicant because of sex.

<u>MONETARY RELIEF FOR LOTT</u>

2.      **Payment to Lott.** Defendants shall pay Lott the total sum of one hundred and fifteen thousand dollars ($115,000), in settlement of the claims related to Lott raised in this action. Payment shall be made within fourteen (14) calendar days of the entry of this Consent Decree by the Court. Defendants shall deliver the check(s) by FedEx or UPS to the address(es) provided by Lott's counsel and provide the tracking number(s) to the Commission and Lott's counsel.

Neither the Commission nor Defendants make any representations about or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Lott may or may not incur on such payments under local, state, and/or federal laws. It is acknowledged that the damages agreed to herein constitute a debt owed and collectible by the United States.

3.      **Nonpayment of Settlement Funds to Lott.** If Lott does not receive payment described in Paragraph 2 above by the due date set forth therein due to a failure on the part of Defendants to properly transmit same, then Defendants shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

<u>CLASS MONETARY RELIEF</u>

4.      **Settlement Fund.** Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendants shall deposit the amount of one hundred

fifty thousand dollars ($150,000) (the "Settlement Fund"), into a qualified interest-bearing account ("QSF") to be distributed to those individuals who are identified and deemed solely by the Commission to be eligible to receive settlement funds (the "Eligible Claimants"). All funds in the QSF shall be used solely to provide monetary relief to the Eligible Claimants. Within seven (7) calendar days of depositing the settlement funds into the QSF, Defendants shall promptly provide the Commission with evidence of the segregation of the Settlement Fund.

It is acknowledged that the damages agreed to herein constitute a debt owed and collectible by the United States.

5.    **Unallocated Funds.** If there are any additional unallocated funds remaining after distribution to all Eligible Claimants, any such funds shall be distributed to the Claimants who timely returned Claims Forms and Release of Claims Forms in an amount to be determined by the EEOC.

6.    **Settlement Reporting.** The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employers' taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

(a)    Within fourteen (14) calendar days of the signing of this Decree, Defendants agree to provide to the EEOC (1) the Employers' EIN and (2) the individual(s) and physical address(es) to whom the EEOC should mail a copy

of the Form 1098-F, if the EEOC is required to issue one. The identified individual(s) must be employee(s) of Defendant.

(b)     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

(c)     The provision of Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

(d)     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

(e)     The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## IDENTIFICATION OF AND PAYMENTS TO CLASS MEMBERS

7.     **Potential Claimant Information.** Defendants have provided to the EEOC a list of applicants for a Warehouse Worker position at Moon N Sea GA, LLC between July 19, 2022, and November 21, 2022 ("Original Potential Claimants") along with their resumes. Within thirty (30) calendar days of the entry of this Consent Decree by the Court, Defendants shall provide to the EEOC a list of applicants who applied but were not hired for a Warehouse Worker position with Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc. between November 21, 2022, and the entry of this Consent Decree by the Court ("New Potential Claimants"), based on the information

Defendants received from the applicants, and which is in their possession or reasonably accessible to them. This information shall include:

a.   First name;
b.   Last name;
c.   Sex (if known);
d.   Last known address;
e.   Phone number;
f.   Email;
g.   Date of interview (if applicable); and
j.   An unredacted copy of the resume submitted to Defendants.

Within fourteen (14) calendar days of a request by the EEOC, Defendant Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc. agrees to provide the EEOC with any additional information in its possession for the Original Potential Claimants or the New Potential Claimants necessary for the EEOC to determine if they are Eligible Claimants, including, but not limited to additional application materials, messages, emails, and other similar relevant communications.

Defendants shall make available to the EEOC any information in its possession necessary to identify aggrieved individuals, determine awards, and distribute funds, including, but not limited to, full names, Social Security numbers, addresses, and phone numbers.

8.      **Notice to Potential Claimants.** Within ninety (90) calendar days of the entry of this Consent Decree by the Court, the EEOC shall send a Notice, substantially in the form attached hereto as Exhibit "A", to all New Potential Claimants, which will advise them that they will be sent a questionnaire that they must complete to be eligible for an award in this case.

9.      **List of Eligible Claimants.** Based on questionnaire responses and a

review of any documents and information provided by Defendants, the EEOC will create a list of Eligible Claimants that includes the monetary award for each Eligible Claimant, and the EEOC will provide that list to Defendants within one hundred eighty (180) calendar days of the entry of this Consent Decree by the Court.

The EEOC shall inform Defendants of the amount for compensatory damages to be distributed to each Eligible claimant from the QSF.

10. **Determination of Claims.** The determination as to the amount received by any Eligible Claimant is within the sole discretion of the EEOC.

11.     **Notification of Award.** Within twenty (20) calendar days of providing the list of Eligible Claimants (two hundred days from the entry of the Consent Decree) to Defendants, the EEOC shall notify each Eligible Claimant via U.S. First Class Mail of the amount of their potential monetary payment, as determined by the EEOC, based on a Notification of Award letter substantially in the form attached hereto as Exhibit "B".

12.     **Release of Claims.** Along with the Notification of Award letter, the EEOC shall mail to each Eligible Claimant a Release, a copy of which is attached hereto as Exhibit "C", and an applicable tax reporting form(s). Each Eligible Claimant will be notified that, to receive monetary payments under this Decree, she must complete, sign, and deliver to the EEOC the Release and the applicable tax reporting form(s) within sixty (60) calendar days of the date of the Notification of Award (Exhibit "B") and obligate the Eligible Claimant to notify the EEOC of any future changes of address for payment. Any Eligible Claimant whose executed Release and

completed tax reporting form(s) are not received by the EEOC within one (1) year of the entry of the Consent Decree by the Court shall be ineligible for and forever barred from receiving any relief under this Decree, except that the EEOC shall engage in outreach with any Eligible Claimant who timely responded, but returned a deficient release and/or tax reporting form(s), and provide additional time to properly complete and return such forms. Any further exception to the untimely receipt of the release and/or any required tax reporting form(s) must be mutually agreed upon by the EEOC and Defendants.

13.    **Payment to Eligible Claimants.** Defendants shall be responsible for making payments to the Eligible Claimants who satisfy the requirements of the preceding Paragraph. Payments to each Eligible Claimant shall be made within twenty-one (21) calendar days of the EEOC's receipt of a signed, properly completed and returned Release and tax reporting form(s) from the Eligible Claimant, notice by the EEOC to the Defendants of the receipt and the amount to be paid to the Eligible Claimant, and delivery by the EEOC to Defendants of the completed Release and tax form(s) from the Eligible Claimant.

14.    **Issuance of Payments.** Defendants shall issue payment to the Eligible Claimants using overnight delivery with a tracking number. The payment will be attributed to compensatory damages under the Civil Rights Act of 1991, 42 U.S.C. § 1981a, will not be reduced by any income tax withholding, and for which an IRS Form 1099 shall be issued to the recipient by Defendants in the normal course of business. To the extent that any payment is returned as undeliverable, Defendants shall notify

8

the EEOC, and the EEOC shall make reasonable efforts to obtain an updated address. Any check that is not cashed within six (6) months of issuance shall be voided. Defendants shall submit proof of payment(s) to each Eligible Claimant to the EEOC within fifteen (15) calendar days of the payment(s). Late payments issued by Defendants shall be subject to the accrual of interest as outlined in 28 U.S.C. § 1961.

Neither the EEOC nor the Defendants make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs the Eligible Claimants may or may not incur on such payments under local, state, and/or federal law.

15. **Returned Notification of Award.** If envelopes from the mailing of the Notification of Award are returned with forwarding addresses, EEOC will re-mail the Notification of Award to the new address within seven (7) calendar days. If no forwarding address has been provided, the EEOC may attempt to obtain updated address information. If the EEOC obtains new addresses, they will re-mail the claims package within seven (7) calendar days of receipt of the new address. If a postal address is not available but an email address is available, EEOC may use email as a substitute.

16. **Late Claims.** For claims received after the one-year deadline set forth in Paragraph 12, EEOC shall notify the late-filing individuals that their claims are untimely and that they are not eligible for any monetary award.

17. **Returned or Uncashed Checks.** Defendants shall promptly notify the EEOC in writing of any checks that are returned or are not cashed after a period of

ninety (90) calendar days has elapsed from the date on which the settlement checks were mailed. If any Eligible Claimant's check is undeliverable or uncashed, and the EEOC determines that the Eligible Claimant cannot be located (hereafter referred to as a "missing Eligible Claimant"), the missing Eligible Claimant shall receive no payments under the Decree. If any portion of the QSF has been allocated to a missing Eligible Claimant, and therefore cannot be distributed to the claimant, six (6) months after the checks were originally mailed, in the discretion of the EEOC, the balance of the check shall become part of the unallocated balance and shall be distributed per the terms of Paragraph 5 of this Decree.

## INJUNCTIVE RELIEF

18.    **Removal from Employment Records.** Within fourteen (14) calendar days of the entry of this Consent Decree by the Court, Defendant Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc. shall remove from its personnel files and application records in its possession any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2022-07391, to include documents relating to the filing of Lott's EEOC Charge and this litigation. Defendants shall report compliance with this provision to the Commission within fourteen (14) calendar days of the entry of this Consent Decree by the Court.

19.    **Training.** Defendant Moon N Sea GA, LLC f/ka KGI Trading GA, Inc., shall provide annual mandatory training (in-person or virtual, at its sole discretion) to all employees involved in the hiring process, including at minimum, but not

10

necessarily limited to, its office manager and branch manager. Each training program shall include, at minimum: (a) an explanation of Title VII and its prohibition against discrimination on the basis of sex and (b) an explanation of Defendants' Title VII non-discrimination policy. The first training program shall take place within ninety (90) calendar days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter.

At least twenty-one (21) calendar days prior to each training, Defendant Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc., shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov. Defendant Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc. should presume that the agenda is approved unless contacted by the Commission regarding the agenda within seven (7) calendar days of submission of the agenda. Within fourteen (14) calendar days after completion of each training program, Defendants shall certify to the Commission the specific training that was undertaken. This certification shall include the date, time, and location of the training, and the identities of all trainers and attendees.

20.     **Reporting.** During the term of this Consent Decree, Defendants shall provide the Commission with a report within four (4) months of the entry of this Consent Decree by the Court, followed by reports at six (6) month intervals following the first report. These reports shall include the following information:

> A.      the identities of all individuals who have reported any incidents of sex discrimination relating to hiring women at Moon N Sea GA, LLC,

including each person's name, address, telephone number, and job title;

B.      for each individual identified in 20.A. above, explain (i) the actions taken by Defendants in response to the individual's report; (ii) whether the individual's employment status has changed in any respect (for example, including but not limited to, hiring); and (iii) for all individuals whose employment status has changed, explain why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

21.    **Notice Posting.** Within fourteen (14) calendar days of the entry of this Consent Decree by the Court and continuing throughout the term of this Consent Decree, Defendant Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc. shall conspicuously post the attached Employee Notice, marked Exhibit " D", hereby made a part of this Consent Decree, in a place where it is visible to employees at the Georgia location. If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within fourteen (14) calendar days of the posting of this Notice, Defendants will report compliance with this provision to the Commission.

22.    **Compliance Review.** The Commission may review compliance with this Consent Decree. As part of such review, with at least seven (7) calendar days' notice to Defendants, the Commission inspect Defendant Moon N Sea GA's facility and request, examine and copy documents relevant to Defendants' compliance with this

12

Consent Decree.

23. **Noncompliance.** If at any time during the term of this Consent Decree, the Commission believes that Defendants are in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendants. Defendants shall have fourteen (14) calendar days to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fourteen (14) calendar days, or such additional period as may be agreed upon by them, to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

24. **Communication to Defendants.** All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Sul Ah Kim, skim@clarkhill.com. If Defendants' designated point of contact changes at any time during the term of this Consent Decree, Defendants shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

25. **Communication to the Commission.** All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to:

> Marcus Keegan
> Regional Attorney
> U.S. Equal Employment Opportunity Commission
> Atlanta District Office
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, Georgia 30303

26.     **Duration.** This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

27. **Court Retains Jurisdiction.** This Court retains jurisdiction over the parties for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

28. **Costs and Fees.** Each party shall bear its own costs and attorneys' fees.

SO ORDERED, this 27th day of July, 2026.

_____

TIFFANY R. JOHNSON
United States District Judge

EXHIBIT "A"

[EEOC Letterhead]

_____, 2026

Dear _____:

      We are contacting you regarding the recent resolution of a lawsuit between the EEOC and Moon N Sea, styled EEOC v. Moon N Sea, GA *et al.*, Civil Action No. 1:25-CV-05455-TRJ-CMS, Northern District of Georgia, Atlanta Division. In that case, the EEOC alleged that Moon N Sea discriminated against a class of female applicants for employment in warehouse worker positions. While the Court has not found that Moon N Sea engaged in any unlawful conduct, an agreement has been reached to resolve the litigation. You could be considered for inclusion as part of a class of aggrieved individuals who may be eligible for a payment based on your application for employment. Any final determination as to who is eligible for payment and the amount of payment will be made solely by the EEOC.

      Enclosed is a questionnaire for you to complete to help the EEOC determine whether you are eligible. Upon receipt of your completed form, you may be contacted for additional information.

      If you have any questions regarding this matter, please direct your questions to [insert EEOC information] or via email at: [insert EEOC information]

                         Sincerely,

## [EEOC LETTERHEAD]

## NOTICE TO POTENTIAL CLAIMANTS

You are receiving this letter and its enclosures because of your responses to a survey sent by our agency or because of information you submitted to Moon N Sea GA LLC or the EEOC. You *must* complete and sign the attached CLAIMANT QUESTIONNAIRE to receive compensation as part of the settlement obtained in the lawsuit, *EEOC v. Moon N Sea GA, LLC , et al*, even if the information sought is duplicative of information you have previously provided. The CLAIMANT QUESTIONNAIRE is not the same as the survey you may have previously completed. A copy of this letter and its enclosures are being sent to you at the physical address and e-mail address we have for you on file. You need only to complete and sign one (1) CLAIMANT QUESTIONNAIRE. If you *did not* receive a copy via e-mail and would like to complete and sign the CLAIMANT QUESTIONNAIRE electronically, please e-mail [insert contact information] to request an electronic copy.

## CLAIMANT QUESTIONNAIRE

Telephone numbers and email address:

Home: _____
Hours: _____

Cell: _____
Hours: _____

E-mail address: _____

Name and Address:

_____
_____
_____

Please respond to the following:

1. Did you apply for a position at Moon N Sea GA, LLC f/k/a KGI Trading GA, Inc. between June 1, 2022 and [date of entry of consent decree]?
   _____ Yes _____ No

2. Do you self-identify as a female? ___Yes ____No

3. If yes to questions 1 and 2 above, please indicate:

   ● On approximately what date(s) did you apply?

   ● Were you interviewed for a position?

   ● What position(s)?

   ● Were you offered a job? __Yes ___No

4. Were you hired by Moon N Sea GA?

5. If you answered yes to question 4 above, on what date were you hired? _____

I hereby declare, under penalty of perjury, that the foregoing information is true and correct to the best of my knowledge and recollection.

_____    Date: _____
(Signature)

2

EXHIBIT "B"

[EEOC LETTERHEAD]

NOTICE OF AWARD

[Date]

Dear _____,

You should have received a letter regarding a resolution in EEOC v. Moon N Sea, GA LLC *et al.*, Civil Action No. 1:25-CV-05455-TRJ-CMS, Northern District of Georgia, Atlanta Division, notifying you of your potential inclusion as an aggrieved individual entitled to relief based on your application for employment. The letter is to inform you that you are an eligible class member and have been selected to receive payment based on your application for employment with Moon N Sea, GA. Although you are eligible to receive this payment, this payment does not constitute an admission of liability by Moon N Sea GA, LLC in the lawsuit.

A condition for receipt of any payment requires the following:

(1) SIGNING THE ENCLOSED TAX REPORTING FORM(S);

(2) SIGNING THE ENCLOSED RELEASE OF CLAIMS; and

(3) RETURNING THE TAX REPORTING FORM(S) AND RELEASE OF CLAIMS TO _____ AT _____. YOUR CLAIM FORMS MUST BE RECEIVED NO LATER THAN _____ [INSERT DATE 60 CALENDAR DAYS FROM THE DATE OF THIS LETTER]. Please keep a copy of your signed documents for your records. For your convenience, enclosed is a self-addressed return envelope with the necessary postage.

Any questions regarding the Release of Claims or tax reporting forms should be directed to [EEOC contact]. To safeguard the privacy of this matter, you will be required to provide your name and contact information and other identifying information to the EEOC to confirm your identity as an eligible recipient.

Very truly yours,

U.S. Equal Employment Opportunity Commission
Atlanta District Office

Enclosure

## EXHIBIT "C"

## RELEASE OF CLAIM FORM

In consideration for and effective upon my receipt of the XX dollars and zero cents ($), less any applicable tax or other withholdings, paid to me in connection with the resolution of <u>EEOC v. Moon N Sea GA, LLC <i>et al.</i></u>, Civil Action No. 1:25-CV-05455-TRJ-CMS, Northern District of Georgia, Atlanta Division, I hereby waive and release my right to file any action or to recover for any claims of failure to hire based on sex arising under Title VII that I had or may have had against Moon N Sea GA, LLC; Moon N Sea NC, LLC; Moon N Sea FL, LLC; and any related entities, and their directors, officers, employees, agents, successors and assigns prior to the date of this release and that were included in the violations alleged in the EEOC's Complaint in <u>EEOC v. Moon N Sea GA, LLC, <i>et al.</i></u>, Civil Action No. 1:25-CV-05455-TRJ-CMS, Northern District of Georgia, Atlanta Division.

_____                    _____

Signature                                             Date

EXHIBIT "D"

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## EMPLOYEE NOTICE

1. This Notice is posted pursuant to a Consent Decree entered by the United States District Court for the Northern District of Georgia in the matter of <u>EEOC v. KGI Trading GA, Inc. d/b/a Moon N Sea, GA <i>et al.</i></u>, Civil Action No. 1:25-CV-05455-TRJ-CMS, where the EEOC alleged discrimination on the basis of failing to hire a class of women for open warehouse worker positions at Moon N Sea GA, LLC. Moon N Sea denies the allegations.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's sex, race, color, religion, sex, national origin, age (40 or older), genetic information, pregnancy, or disability. Federal law also prohibits retaliation against applicants and employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Moon N Sea, GA will comply with such federal law in all respects. Furthermore, in the event that any applicant or employee believes Moon N Sea, GA did not comply with such federal law, the applicant or employee may exercise their rights, report an alleged violation under the law, or give testimony, assistance or participation in any investigation, proceeding or hearing conducted by the EEOC, and Moon N Sea, GA will not take any action against the applicant or employee.

4. An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact: Equal Employment Opportunity Commission at 1-800-669-4000 or TTY: 1-800-669-

2

6820.

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2028.

2